UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
PATRICK A.T. JONES,                 )   No. C07-711RSL
                                    )
                    Plaintiff,      )   ORDER GRANTING DEFENDANT'S
         v.                         )   MOTION FOR SUMMARY
                                    )   JUDGMENT
WASHINGTON INTERSCHOLASTIC          )
ACTIVITIES ASSOCIATION,             )
                                    )
                    Defendant.      )
_____)

## INTRODUCTION

This matter comes before the Court on "Washington Interscholastic Activities Association's Motion for Summary Judgment." Dkt. # 29. Plaintiff asserts that defendant's rule governing the amount of time that high school coaches can work with their present or future athletes during the school year violates his right to equal protection under the Fourteenth Amendment of the United States Constitution and that defendant has wrongfully denied plaintiff a waiver of the rule. Having reviewed the record in this matter and heard the arguments of counsel, the Court grants defendant's motion for summary judgment.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

## BACKGROUND

The facts of this case are generally undisputed and are set forth in the Court's Order Denying Plaintiff's Motion for Mandatory Preliminary Injunction. Dkt. # 20. Plaintiff, an assistant head coach with the Bellevue High School varsity football program, wants to coach his son's "middle level" community football team without restrictions. The Washington Interscholastic Activities Association ("WIAA") has promulgated a rule, however, which limits the amount of time that high school coaches may work with middle school athletes. This "out-of-season" rule allows high school football coaches to coach middle school students in their area for no more than twelve weeks during the high school football season. The community football team that plaintiff coaches has a thirteen week and four day season, one week and four days longer than the period permitted by the out-of-season rule.

In 2006, plaintiff sought a waiver of the out-of-season rule from WIAA because he was concerned that he would breach his coaching contract with Bellevue High School if he coached his son's community team for thirteen weeks and four days. When WIAA refused to grant a waiver, plaintiff filed suit. Although that case was resolved through a settlement, WIAA's Representative Assembly was not willing to amend the out-of-season rule to allow plaintiff to coach the community football team for its entire 2007 season. This litigation followed.

## DISCUSSION

**A. Equal Protection Claim**

Plaintiff has asserted two claims against WIAA: (1) a claim for violation of the Equal Protection Clause of the Fourteenth Amendment; and (2) a claim for wrongful denial of a waiver. In considering a challenge under the Equal Protection Clause, the Court must first determine what level of scrutiny to apply to the challenged regulation. The two options are "rational basis" review or "strict scrutiny." Most statutes are required to bear only a rational

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                -2-

relationship to a legitimate governmental interest to withstand equal protection scrutiny. If, however, the statute affects a fundamental right or operates along suspect lines, the court will strictly scrutinize the regulation to ensure that it is narrowly tailored to promote a compelling state interest. See Central State Univ. v. Amer. Ass'n of Univ. Professors, 526 U.S. 124, 127-28 (1999); Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000).

Plaintiff makes no real effort to show that the out-of-season rule affects a fundamental interest or that a suspect classification is involved. Courts, including this one, have rejected the notion that coaching or participation in interscholastic sports is a fundamental right. See Order Denying Plaintiff's Motion for Mandatory Preliminary Injunction at 8-9; Schneeweis v. Jacobs, 771 F. Supp. 733, 738 (E.D. Va. 1991) ("The law does not recognize a fundamental right to coach basketball."); Fusato v. WIAA, 93 Wn. App. 762, 768 (1999) ("Washington courts have recognized there is no fundamental right to engage in interscholastic sports."); Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 344 n.2 (3d Cir. 2004) ("There is no constitutionally protected right to play sports."). Nor is there an unfettered right to the profession or employment of your choice. States are permitted to, and regularly do, impose restrictions on and barriers to various professions and occupations without triggering strict scrutiny. Dittman v. California, 191 F.3d 1020, 1031 n.5 (9th Cir. 1999) ("The [Supreme] Court has never held that the 'right' to pursue a profession is a fundamental right, such that any state-sponsored barriers to entry would be subject to strict scrutiny.") (emphasis in original); Amunrud v. Board of Appeals, 158 Wn.2d 208, 220 (2006) ("[N]either this court nor the United States Supreme Court has characterized the right to pursue a particular profession as a fundamental right."), cert. denied, __ U.S. __, 127 S. Ct. 1844 (2007).

Plaintiff has also failed to show that the out-of-season rule is based on a suspect classification. The only classes of individuals identified by plaintiff in his response are those

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT            -3-

who coach in public high schools and those who coach in private high schools. Even if the rule has a disparate impact on high school coaches who are employed by public schools, plaintiff has provided no authority or logical argument in support of his theory that public school coaches are a protected class under the Fourteenth Amendment. The Court therefore finds that plaintiff's equal protection challenge to the out-of-season rule is subject to rational basis review.

Rational basis scrutiny "employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classification is neither possible nor necessary." Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 314 (1976). Courts applying the rational basis test should "presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). According to defendant, the out-of-season rule is designed to (1) allow students to participate in a variety of activities without pressure from a coach to dedicate all of their time in one particular sport or activity; (2) discourage sport specialization at an early age; (3) maintain a competitive balance by restricting all teams to a designated sports season; (4) protect students from early athletic burnout; (5) protect students from overuse injuries commonly found in youth sports; and (6) discourage coaches from recruiting athletes based on their athletic abilities. These interests are legitimate and WIAA could rationally believe that they would be furthered by the out-of-season rule. Dittman, 191 F.3d at 1031.[1]

---

[1] At oral argument, plaintiff for the first time argued that the out-of-season rule does not further any of the six interests identified by WIAA. In particular, plaintiff argues that a separate rule precluding recruiting somehow invalidates the sixth rationale and that all of the purposes are thwarted by the fact that kids are already signed up for the 13 week, 4 day season regardless of the limitations WIAA has imposed on coaches like plaintiff. It is not unreasonable to conclude, however, that making experienced coaches unavailable for seasons longer than 12 weeks will ultimately encourage community programs to limit their seasons to 12 weeks. WIAA could also reasonably conclude that keeping high school coaches

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                -4-

Plaintiff believes that the rule would better achieve its stated purposes if it were rewritten to preclude coaches at private high schools from working with any middle school students who might ultimately choose to attend their high school. Perfection in a regulatory scheme is a worthy goal, but it is not constitutionally required. See Mass. Bd. of Ret., 427 U.S. at 314. WIAA has chosen to limit the coaching activities of public and private school coaches using the same geographic boundaries. Thus, football coaches at Roosevelt High School ("RHS") and O'Dea High School ("O'Dea") are both limited to twelve weeks of coaching middle level athletes within the boundaries of the Seattle Public School District. As a corollary, both coaches are permitted to travel to Bellevue or Shoreline or Bainbridge Island to coach middle level athletes. Plaintiff argues that this parallelism actually works to the private school's advantage because an O'Dea coach working with middle school athletes in Shoreline is fairly likely to interact with students who may ultimately choose to attend O'Dea, whereas an RHS coach working with the same population is much less likely to be coaching a future RHS athlete. Whether the regulation could be improved is not the issue, however: if the out-of-season rule is rationally related to the legitimate state interests, which it is, it survives an equal protection challenge even if the distinctions are drawn "with substantially less than mathematical exactitude." City of New Orleans, 427 U.S. at 303. The Court finds that the out-of-season rule easily satisfies rational basis scrutiny, and plaintiff's equal protection claim fails as a matter of law.

**B. Denial of Waiver**

As discussed in the Court's Order Denying Plaintiff's Motion for Mandatory Preliminary Injunction, WIAA's denial of a waiver is reviewed under an arbitrary or capricious

---

out of the middle school sports scene (or at least limiting the amount of time they can participate at the middle school level) would limit their influence among middle school students and reduce competitive pressures on young athletes.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    -5-

standard. Order at 6-7. The Washington Supreme Court "has defined arbitrary or capricious agency action as action that is willful and unreasoning and taken without regard to the attending facts or circumstances. . . . Where there is room for two opinions, and the agency acted honestly and upon due consideration, th[e] court should not find that an action was arbitrary and capricious, even though th[e] court may have reached the opposite conclusion." Port of Seattle v. Pollution Control Hearings Bd., 151 Wn.2d 568, 589 (2004) (internal quotation marks and citations omitted). In light of the purposes of the out-of-season rule, WIAA's need for consistency throughout the state of Washington, the Representative Assembly's continuing unwillingness to the amend the rule, and the complete lack of any evidence suggesting malice, WIAA's rejection of plaintiff's request for a waiver was well within its discretion and does not constitute arbitrary or capricious agency action.

**C. Settlement Agreement**

Plaintiff's complaint does not allege any causes of action arising out of the 2006 Settlement Agreement between the parties. Plaintiff cannot for the first time assert a breach of contract claim in response to defendant's motion for summary judgment.

## CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED. Plaintiff's claims are hereby DISMISSED with prejudice.

Dated this 6th day of February, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT             -6-